IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID YARBOROUGH, | § | |
| | § | |
| Defendant Below, | § | No. 397, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1202006406, |
| | § | 1201018253, 1402013417 |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: October 10, 2017
Decided: October 26, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## <u>ORDER</u>

This 26th day of October 2017, upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)     On September 28, 2017, the appellant, David Yarborough, filed a notice of appeal from an August 31, 2017 Superior Court order denying his motion for appointment of counsel and granting his motion to amend his motion for postconviction relief.  The Senior Court Clerk issued a notice to show cause directing Yarborough to show why his appeal should not be dismissed based on this Court's lack of jurisdiction under Article IV, § 11(1)(b) of the Delaware Constitution to hear

an interlocutory appeal in a criminal case. In his response to the notice to show cause, Yarborough argues the merits of his motion for appointment of counsel.

(2) Under the Delaware Constitution, this Court may review only a final judgment in a criminal case.[1] The Superior Court's denial of Yarborough's motion to appoint counsel is an interlocutory, not final, order.[2] This Court therefore does not have jurisdiction to review this appeal.[3]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] Del. Const. art. IV, § 11(1)(b).

[2] *See, e.g.*, *Harris v. State*, 2013 WL 4858990, at *1 (Del. Sept. 10, 2013) (holding Superior Court order denying motion for appointment of counsel is an interlocutory order).

[3] *Gottlieb v. State*, 697 A.2d 400, 401 (Del. 1997).